**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELMER BROWN, | : | Civil No. 03-1912(RBK) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| LYDELL SHERRER, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

Elmer Brown, <u>Pro Se</u>
#205032
New Jersey State Prison
CN 861
Trenton, NJ 08625

Matthew M. Bingham
Assistant Prosecutor
Cumberland County Prosecutor's Office
Bridgeton, New Jersey 08302
Attorney for Respondent

**KUGLER, District Judge**

Petitioner, Elmer Brown, filed the within petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 [Docket Entry #1]. Respondents have filed an Answer. Petitioner has subsequently filed a Motion for Pro Bono Counsel [Docket Entry #14] and a Motion for Extension of Time to File a Brief [Docket Entry #15]. The Court has considered all submissions. For the reasons set forth below, the Petition and Motions will be denied.

**BACKGROUND**

1.  Factual Background

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation:

> According to the State, on March 19, 1993, defendant approached an apartment in the complex known as Burlington Manor.  When the door was opened, defendant brandished a weapon and told the man standing there to lay down.  Instead, the man grabbed the gun and a struggle ensued during which the gun fired;  a woman standing nearby was killed.

(State v. Brown, A-6715-99T4 (December 7, 2001), p. 2).

2.  Procedural History

On July 15, 1993, a Cumberland County Grand Jury indicted Petitioner on ten counts, including: first degree robbery, contrary to N.J.S.A. 2C:15-1 (counts one through four); felony murder, contrary to N.J.S.A. 2C:11-3a(3) (count five); aggravated manslaughter, contrary to N.J.S.A. 2C:11-4a (count six); second degree burglary, contrary to N.J.S.A. 2C:18-2 (count seven); possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4a (count eight); unlawful possession of an assault weapon, contrary to N.J.S.A. 2C:39-5f (count nine); and fourth degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(4) (count ten).

On January 24, 1994, Petitioner entered a plea of guilty to aggravated manslaughter, one count of first-degree robbery, and unlawful possession of an assault weapon.  In exchange for the plea, the State consented to recommend lesser sentences and that said sentences be served concurrently.

On May 13, 1994, Petitioner appeared before a state court judge to be sentenced.  Petitioner arrived with new counsel, and moved to withdraw his plea of guilty, based upon claims that his previous counsel was ineffective and that his plea was involuntary.

The sentencing judge rejected all of Petitioner's contentions and sentenced him in accordance with the terms of the plea agreement.

Petitioner thereafter appealed his sentence which was denied on April 22, 1996 by the Superior Court of New Jersey, Appellate Division.

Subsequent to the denial of his appeal, Petitioner filed a Petition for Post-Conviction Relief ("PCR") in state trial court. On May 11, 2000, the court issued an order denying Petitioner's PCR motion.

Petitioner then filed a Notice of Appeal with the Superior Court of New Jersey, Appellate Division challenging the trial court's denial of Petitioner's application for PCR.

On December 7, 2001, the Superior Court of New Jersey, Appellate Division affirmed the denial of PCR, relying substantially upon the reasons of denial as set forth by the trial court.

Thereafter, Petitioner filed a Motion to File Petition for Certification to the New Jersey Supreme Court.  On April 29, 2002, the New Jersey Supreme Court denied Petitioner's motion for certification.

On April 28, 2003, Petitioner filed the instant Habeas Corpus Petition pursuant to 28 U.S.C. § 2254.  Under separate cover, Petitioner also filed a Motion for Pro Bono Counsel and a Motion for Extension of Time to File a Brief.

## DISCUSSION

**Petitioner's Claims.**

Petitioner asserts the following arguments for habeas relief:

1. Ground One - involuntary guilty plea which was unlawfully induced by Petitioner's trial counsel, Christopher H. Riley, Jr.
2. Ground Two - ineffective assistance of trial counsel due to lack of consultations, failure to investigate alibi witness, failure to investigate co-defendant, failure to interview state's witnesses, failure to obtain discovery, failure to file a motion to suppress evidence, and failure to move for consolidated disposition.
3. Ground Three - ineffective assistance of trial counsel due to conflicting loyalties and interests.
4. Ground Four - ineffective assistance of counsel representing Petitioner at his motion to withdraw plea/sentencing, Malcolm S. Goddard, Esq., due to his

        failure to investigate or subpoena prior counsel Christopher H. Riley, Jr.
5. Ground Five – length of conviction was based upon trial counsel's ineffective assistance.
6. Ground Six – state courts' failure to evaluate Petitioner's claims of ineffective assistance of counsel under the <u>Strickland v. Washington</u> standard when considering Petitioner's claims of ineffective assistance of counsel resulted in determinations that were contrary to established federal law.

<u>See</u> Petition for Writ of Habeas Corpus.

Petitioner's Motion for Pro Bono Counsel asserts that Petitioner is not highly educated, legally savvy, nor financially capable to litigate pro se or retain counsel.

Petitioner's Motion for Extension of Time to File a Brief asserts that Petitioner has recently been required to relocate with the New Jersey Department of Corrections system and his legal materials would take up to six weeks to be transported to Petitioner's new location. Petitioner further asserts that the time permitted inmates in the prison library is extremely limited. Petitioner further requests the appointment of pro bono counsel to assist in the preparation of his brief.[1]

**A.    Pro Se Standard.**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>See</u> <u>Estelle v. Gamble</u>,

---

[1] The Court is unclear as to whether Petitioner seeks to attempt to file a new original petition or a traverse to Respondents Answer. However, as Petitioner is barred from altering the original petition at this time, the Court will assume that the "brief" Petitioner seeks to create and file is a traverse.

429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   Petitioner's Motion for Pro Bono Counsel is Denied.**

There is no "automatic" constitutional right to counsel in a federal habeas corpus proceeding.  Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992); see also Smith v. Angelone, 111 F.3d 1126, 1133 (4th Cir. 1997), cert. denied, 521 U.S. 1131 (1997); Williams v. Turpin, 87 F.3d 1204, 1210 (11th Cir. 1996); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986).  "It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief."  Johnson v. Avery, 393 U.S. 483, 488 (1969); Wainwright v. Torna, 455 U.S. 586, 587 (1982); see also Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984)(appellant not entitled to counsel at state post-conviction proceedings because they are civil in nature and not

covered by the Sixth Amendment which applies only during the pendency of a criminal case), cert. denied, 469 U.S. 823 (1984).

Any person seeking relief under the federal habeas statutes may be granted counsel, only however, "whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation."  18 U.S.C. § 3006A(g) (1988)("Discretionary appointment").

Initially, the district court must first decide if the petitioner has presented a nonfrivolous claim.  See Reese, 946 F.2d at 263-64; accord Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); see also Parham, 126 F.3d at 456-57.  If the court determines that a claim is not frivolous, the court next must determine whether the appointment of counsel will benefit both the petitioner and the court.  See Reese, 946 F.2d at 264; cf. Parham, 126 F.3d at 457.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims.  See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); accord McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); see also Parham, 126 F.3d at 457-58.  Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had

been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

Here, there is no indication that Petitioner does not fully comprehend the issues he presents in his § 2254 petition.  His petition, and the legal memorandum submitted in support thereof, also demonstrate his ability to present his claims "forcefully and coherently."  Further, the Court finds that the issues raised by Petitioner are neither factually nor legally complex.  Petitioner asserts straightforward claims of ineffective assistance of trial counsel and involuntary plea of guilty.  Such claims are not often meritorious.  Therefore, because Petitioner has not presented sufficient facts that would compel the appointment of counsel in the interests of justice, the Court chooses not to exercise its discretionary power to assign pro bono counsel to Petitioner at this time.

## C. **Petitioner's Motion for Extension of Time to File a Brief is Denied.**

Petitioner seeks an extension of time to file a traverse to Respondent's Answer.  However, Petitioner has received numerous extensions throughout his federal habeas process to file

supporting briefs, reply's and the like, and has yet been able to successfully file any of the aforementioned.

Specifically, on June 27, 2003, approximately one month after Petitioner filed his habeas petition, Petitioner sought an extension of time to file a supporting brief.  That request was granted by this Court on July 11, 2003, and Petitioner was given 30 days from the date of the Order to file said brief. Petitioner thereafter sought an additional extension of time to file the brief.  This Court granted that request on September 8, 2003.  Petitioner ultimately never filed his supporting brief. Respondent's filed their Answer on December 22, 2005. Approximately two weeks later, Petitioner filed a motion for pro bono counsel, and two weeks after that, filed a motion for an extension of time to file his reply to Respondent's Answer. Petitioner's motion for an extension of time to file his reply requested 60 days.  However, more than three months have expired since the request, and Petitioner has yet to file his reply.

Although Petitioner may file a traverse, their function " . . . tends to be a mere pro forma refutation of the return, serving little if any expository function.  In the interests of a more streamlined and manageable habeas corpus procedure, it is not required except in those instances where it will serve a truly useful purpose."  <u>Advisory Committee Notes, Rule 5, Rules Governing Section 2254 Cases</u>.

As discussed in detail below, Petitioner's habeas motion is procedurally defective.  Therefore, a traverse would serve no useful purpose, and delaying the adjudication of Petitioner's habeas based upon yet another extension on his behalf for a futile effort that cannot affect the procedural viability of the underlying claims would be superfluous.  As such, Petitioner's Motion for Extension of Time to File a Brief will be denied.

D.      **Petitioner's Writ of Habeas Corpus Is Procedurally Barred.**

Petitioner has failed to raise and/or exhaust several of the issues he presents in the instant petition.  As such, his petition shall be dismissed as procedurally barred.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[2]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a]

---

[2] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the


state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c). The Supreme Court has made clear that a § 2254 petition which includes unexhausted as well as exhausted claims, *i.e.*, a "mixed petition", must be dismissed without prejudice. In other words, if any of the claims asserted in the habeas petition are unexhausted, the entire petition must be dismissed. See Rose, 455 U.S. at 510 (this is referred to as the "total exhaustion" rule). However, in Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the Third Circuit has held that, while district courts have the discretion to stay "mixed petitions", when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action. 360 F.3d at 152.

In the present case, it appears based on the state record, that Petitioner failed to exhaust all state remedies before seeking federal habeas relief regarding certain claims asserted in the instant petition.  Specifically, Petitioner's allegations that he was provided with ineffective assistance of counsel by Malcolm S. Goddard, Esq. (Ground Four) was never previously raised in state court.

Additionally, Petitioner's allegations that Christopher H. Riley, Jr. failed to consult with Petitioner, induced Petitioner to plead guilty and failed to interview witnesses (Grounds One and Two) were substantively considered and adjudicated at the time of sentencing, but never appealed (as Petitioner's sole issue on appeal was the alleged excessiveness of the sentence).

Therefore, Grounds One, Two and Four were never fully exhausted on the state level, and Petitioner has failed to exhaust all state remedies with regards to those Grounds. Because the claims were not actually and/or fairly presented for state court review, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

In addition, there is no indication from Petitioner's habeas motion that Petitioner's non-exhaustion of state court remedies should be excused.  Petitioner has not shown that there is an absence of available state process with respect to his

unexhausted claims.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.

Thus, as a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Petitioner's unexhausted claims.  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  Here, no state court has concluded that Petitioner is procedurally barred from raising his unexhausted claims.  Therefore, because New Jersey law does not clearly require a finding of default, this Court is not prepared to presume that Petitioner's claims in this petition would necessarily be barred from state court review.

Alternatively, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to

14

the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, Petitioner alleges no facts suggesting that state procedures are in effect unavailable to him. Therefore, the petition will be dismissed as a mixed petition as Petitioner has failed to exhaust state court remedies for Grounds One, Two and Four of his petition.

**E.     Certificate of Appealability.**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

15

right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

16

The Court further finds that Petitioner's Motions for Pro Bono Counsel and for an Extension of Time to File a Brief shall be denied.

The Court further finds that no certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate Order accompanies this Opinion.


                                        s/Robert B. Kugler
                                        HONORABLE ROBERT B. KUGLER
                                        United States District Judge



Dated:   May 5, 2006